

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr., Acting Director
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4071
Re: Optional selection of service
retirement benefits under
Teacher Retirement Act.

We have received your letter of recent date in which you ask the opinion of this department as to the proper interpretation of Subsection 7, Section 5, of the Teacher Retirement Act (Article 2922-1, Vernon's Annotated Civil Statutes). Such provision reads in part as follows:

"With the provision that no optional selection shall be effective in case a beneficiary dies within thirty (30) days after retirement, and that such a beneficiary shall be considered as an active member at the time of death, until the first payment on account of any service benefit becomes normally due, any member may elect to receive his membership annuity in an annuity payable throughout life, or he may elect to receive the actuarial equivalent at that time, of his membership annuity in a reduced membership annuity payable throughout life with the provision that:

"Option (1) Upon his death, his reduced membership annuity shall be continued throughout the life of, and paid to, such person as he shall nominate by written designation duly acknowledged and filed with the State Board of Trustees at the time of his retirement; or

"Option (2). Upon his death, one-half of his reduced membership annuity shall be continued through the life of, and paid to, such person as he shall nominate by written designation duly acknowledged and filed with the State Board of Trustees at the time of his retirement; or

"Option (3). Some other benefit or benefits shall be paid either to the member, or to such person or persons as he shall nominate, provided such other benefit or benefits, together with the reduced membership annuity, shall be certified by the actuary to be of equivalent actuarial value to his membership annuity, and approved by the State Board of Trustees."

You wish to know whether this provision means that in the event a retired member fails to file a duly executed election of the manner in which he desires his annuity to be paid by the time the first monthly payment under such membership annuity is due, such beneficiary's membership annuity shall automatically become an annuity payable throughout life, and the beneficiary shall not thereafter have the right to elect any other option. If we answer this question in the negative, you want to know whether the Teacher Retirement Board may pass a regulation to the same effect.

At first glance it would appear that the retired member must make a positive election before the first payment becomes due. But we do not believe that this was the legislative intent.

A reading of the provisions of Article III, Section 48a, Constitution of Texas, and the entire Teacher Retirement Act convinces us that the normal mode of payment of an annuity is to the teacher himself on a monthly basis. The object of the act, primarily at least, is for the benefit and protection of the teacher himself after his retirement. The optional provisions deal with the payment of a reduced annuity to the retired member and to such other person as such member designates. We believe that the optional selections are the exceptions from the general rule that the annuity is payable to the retired member throughout his life. We also believe that the retired member by silence indicates his election to receive his annuity as one payable throughout his life.

The language is that "until the first payment on account of any service benefit becomes normally due," the member may elect to receive his membership annuity in an annuity payable throughout life, or he may elect to receive the actuarial equivalent of his membership in a reduced membership annuity payable throughout life with one of the options. The annuity is payable in equal monthly installments. Sec. 1, Subsecs. (18), (19), (20).

The time given by the statute to select an option if the retired member desires to do so is "until the first payment . . . becomes normally due." It is well settled that an option must be accepted within the time specified or the acceptance will be ineffective. In 10 Tex. Jur. 59, it is said:

> "Time is generally regarded as being of the essence of option contracts, and the option must be accepted within the time prescribed unless a provision limiting the time has been waived."

Therefore, under the statute the selection of the option must be before the first payment becomes normally due.

It follows from what we have said that where a beneficiary fails to elect the manner in which he desires his annuity to be paid by the time his first monthly payment is due, his annuity shall be paid as an annuity payable throughout life. While the language used is certainly susceptible to the interpretation which we have given, we would advise the Teacher Retirement Board to pass a regulation to the same effect so that all doubt will be eliminated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
George W. Sparks
Assistant

APPROVED OCT 30 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:ej



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN